**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AMAZON LOGISTICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| US CENTRAL EXPRESS INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff Amazon Logistics, Inc. ("Plaintiff"), for its Complaint against US Central Express Inc. ("Defendant"), states and avers as follows:

**THE PARTIES**

1. Plaintiff is a Delaware corporation with its principal place of business in King County, Washington.

2. Upon information and belief, Defendant is an Illinois corporation with its principal place of business in Chicago, Illinois.

**JURISDICTION AND VENUE**

3. The Court possesses jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, because this action is between citizens of different states and involves an amount in controversy exceeding $75,000.00, exclusive of interest and costs.

4. The Court has personal jurisdiction over Defendant because Defendant is a citizen of Illinois and regularly conducts business in the State of Illinois, including with respect to the claims described herein.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (2), because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claims described herein occurred in this district.

## UNDERLYING FACTS

6. Plaintiff is a transportation logistics company and is the registered owner of two trailers, identified as V511413 and V511632 (the "Trailers").

7. The Trailers are, and at all times relevant hereto were, duly registered to Plaintiff. True and correct copies of the title and heavy trailer registration for each of the Trailers are attached hereto as Exhibit A.

8. Upon information and belief, Defendant is a motor carrier registered with the Federal Motor Carrier Safety Administration as USDOT number is 3068313 and MC is 59480.

9. In or around September 2019, Plaintiff engaged, non-party Western Express, Inc. d/b/a Western Logistics ("Western"), as a broker, to arranged for shipment of not less than fifteen trailers, including the Trailers.

10. Upon information and belief, in or around September 2019, Western engaged Defendant as a carrier to transport the Trailers pursuant to a carrier-broker contract.

11. Upon information and belief, Western did not remit payment to Defendant because Defendant failed to deliver the Trailers pursuant to the terms of their contract.

12. Upon information and belief, Defendant refuses to surrender possession of the Trailers due to its dispute with Western.

13. Defendant has no right to retain possession of the Trailers.

14. Through counsel, Plaintiff has issued a demand letter (the "Demand Letter") requesting that Defendant immediately surrender possession of the Trailers and deliver them to

Plaintiff or Western. *See* Demand Letter from K. Capuzzi to Defendant dated January 23, 2020, attached hereto as Exhibit B.

15. Defendant has refused to comply with the Demand Letter.

16. Upon information and belief, the value of the Trailers and/or lost profits in connection therewith exceed Seventy-Five Thousand Dollars ($75,000.00).

17. Plaintiff is and continues to be injured by Defendant's wrongful detainment and/or conversion of the Trailer.

## COUNT I
### (Replevin)

18. Plaintiff incorporates by reference each and every allegation set forth above.

19. Plaintiff is the duly-registered owner of the Trailers and has a right of possession superior to that of Defendant.

20. Defendant refuses to turn over the Trailers to Plaintiff and continues to wrongfully detain the Trailers.

21. Plaintiff is entitled to possession of the Trailers that are being wrongfully detained by Defendant.

## COUNT II
### (Conversion)

22. Plaintiff incorporates by reference each and every allegation set forth above.

23. Plaintiff is the duly-registered owner of the Trailers and has a right of possession superior to that of Defendant.

24. By and through the conduct described above, Defendant has wrongfully exercised control and dominion over the Trailers.

25. Defendant's wrongful retention of control and dominion over the Trailers has proximately injured Plaintiff in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

26. As a result, Plaintiff is entitled to recover from Defendant at least Seventy-Five Thousand Dollars ($75,000.00), plus punitive damages, interest, attorneys' fees, and costs.

## COUNT III
### (Declaratory Judgment)

27. Plaintiff incorporates by reference each and every allegation set forth above.

28. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that in a case of actual controversy within its jurisdiction, any court of the United States may declare the rights, obligations and other legal relations of any interested parties.

29. An actual case and controversy exists between Plaintiff and Defendant as to the possession and control of the Trailers. Plaintiff submits that it is the owner of the Trailers. *See* Exhibit A. Defendant apparently believes otherwise as it refuses to turn over the Trailers to Plaintiff and/or continue to wrongfully detain the Trailers.

30. Plaintiff is entitled to a declaratory judgment, pursuant to 28 U.S.C. § 2201, that Plaintiff is entitled to the sole possession and control of the Trailers.

**WHEREFORE**, Plaintiff Amazon Logistics, Inc. prays that this Court enters judgment in its favor and against Defendant US Central Express Inc. on all counts as follows:

    a. A final order of possession of the Trailers;

    b. Judgment against Defendant in an amount not less than Seventy-Five Thousand Dollars ($75,000.00), plus punitive damages, interest, attorneys' fees, and costs;

    c.    Declaratory judgment that Plaintiff is entitled to the sole possession and control of the Trailers; and

    d.    Such other relief at law or in equity to which Plaintiff is entitled or otherwise may be appropriate.

Dated: January 30, 2020

Respectfully submitted,

*/s/ Eric Larson Zalud*
Eric Larson Zalud, Esq.
**BENESCH, FRIEDLANDER,**
  **COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4178
ezalud@beneschlaw.com

Ashleigh J. Morpeau
**BENESCH, FRIEDLANDER,**
  **COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
Facsimile: (312) 767-9192
amorpeau@beneschlaw.com

*Attorneys for Plaintiff Amazon Logistics, Inc.*